IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE MCNULTY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AUCHTER INDUSTRIAL | : | |
| SERVICE, INC., ET AL. | : | No. 15-5363[1] |

MEMORANDUM

Dalzell, J.                                                        November 17, 2015

I.      **Introduction**

We consider here plaintiff's motion to remand to the Philadelphia County Court of
Common Pleas.  George McNulty brought this action against defendants Auchter Industrial Vac
Service, Inc. ("Auchter"), Kinder Morgan Liquids Terminals, LLC ("KMLT"), Guzzler
Manufacturing, Inc. ("Guzzler"), Vactor Manufacturing Company, Inc. ("Vactor"), Federal
Signal Corporation ("FS"), Federal Signal Solutions ("FS Solutions"), Vacuum Sales, Inc.
("Vacuum"), Navistar, Inc. ("Navistar"), Navistar International Transportation Corporation
("Navistar Int'l"), International Truck and Engine Corporation ("International Truck"), United
States Steel Corporation ("U.S. Steel"), USX Corporation ("USX"), and USS Real Estate
("USS") after he suffered serious injuries while using a vac unit.  For the reasons set forth below,
we will deny McNulty's motion to remand and dismiss with prejudice his claims against
defendants U.S. Steel, USX, and USS.

---

[1] Pursuant to her Order of October 28, 2015, Chief Judge Tucker consolidated C.A. Nos. 15-5391
and 15-5392 under this single Civil Action number which was filed first before us.

## II.    Factual and Procedural History

Plaintiff George McNulty, a Pennsylvania citizen, was injured on June 24, 2013 while working with a rented, movable vac unit at 1 Sinter Road, Fairless Hills, Pennsylvania.  Compl. at ¶¶ 1, 61, 109, 113.  Defendant KMLT was a tenant in the property which is owned by defendants U.S. Steel, USX, and USS.  Id. at ¶ 60.  Notably, defendants U.S. Steel, USX, and USS are Pennsylvania corporations.  Id. at ¶¶ 21-23.  McNulty initiated his first civil action in the Philadelphia County Court of Common Pleas against Auchter and KMLT by a Writ of Summons on March 3, 2015.  Mot. at ¶ 2.  He instituted a second civil action in the same court against Guzzler, Vactor, FS, FS Solutions, Vacuum, Navistar, Navistar Int'l, International Truck, Auchter, and USX, also by a Writ of Summons, on June 17, 2015.  Id. at ¶ 3.  On August 31, 2015, McNulty filed a Consolidated Civil Action Complaint, and a week later he filed a Motion to Consolidate, both in the Philadelphia County Court of Common Pleas.  Id. at ¶¶ 6-7.  Most relevant for our analysis, McNulty brought a claim of negligence against U.S. Steel, USX, and USS alleging that as owners of the property these defendants failed to (1) warn others of dangerous property conditions, (2) competently exercise control over said property, or (3) adequately inspect and correct dangerous conditions on the property.  Compl. at ¶¶ 133-141.

Counsel for defendants KMLT, USX, U.S. Steel, and USS filed notices of removal in both actions by September 30, 2015.  Mot. at ¶¶ 15-16.  Attached to these notices were emails from attorneys for the remaining defendants consenting to the removal of the cases to this court. See Notice of Removal at Ex. C and Ex. G.  McNulty now moves to remand this case to state court for two reasons.  First, he asserts that defendants' notices were defective because they were not joined by all defendants.  Mot. at ¶¶ 27-32.  Second, he claims that we do not have diversity

jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since he and three corporate

defendants are citizens of Pennsylvania.

### III.    Legal Standard

A defendant may remove to federal court a civil action originally filed in state court when

the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  But

§ 1441 is strictly construed against removal "so that the Congressional intent to restrict federal

diversity jurisdiction is honored." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396

(3d Cir. 2004).  The defendant bears the burden of establishing removal jurisdiction and

complying with all pertinent procedural requirements.  Boyer v. Snap-On Tools Corp., 913 F.2d

108, 111 (3d Cir. 1990).  A plaintiff may file a motion for remand within thirty days after the

filing of a notice of removal.  28 U.S.C.  § 1447.  Following a motion to remand, the removing

party has the burden to "establish the propriety of removal, and all doubts as to the existence of

federal jurisdiction must be resolved in favor of remand."  Lumbermans Mut. Cas. Co. v.

Fishman, No. 99–929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State

Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)).

### IV.    Discussion

#### A.    Notice of Removal

McNulty first argues that the defendants' notices of removal were defective, necessitating

remand to state court.  We find that the notices of removal were not defective as it was

accompanied by the written consent of agents for all defendants.

Defendants must file for removal within thirty days of the service of the complaint.  28

U.S.C. § 1446 (b)(1).  Section 1446 also requires that all defendants in a case must consent to the

removal petition.  See 28 U.S.C. § 1446 (b)(2)(A); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985).  This requirement is known as the "unanimity rule." Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  Defendants satisfy the "unanimity rule" when there is "some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf…that it has actually consented to such action." Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa.1994).  Courts generally do not require all defendants to sign the removal petition itself, but they do require some form of "unambiguous written evidence of consent to the court in timely fashion." Gucciardi v. Bonide Products, Inc., No. 12-932, 2012 WL 1694426, at *2 (E.D. Pa. May 15, 2012) (Buckwalter, J.) (emphasis in original) (internal citations omitted).  An email communicating consent to removal that is attached to the notice of removal can be accepted as unambiguous written consent. Zelma v. Toyota Financial Services Americas Corp., No. 13-2698, 2013 WL 6858965, at *4 (D.N.J. Dec. 23, 2013).  Failure to comply with the "unanimity rule" is a procedural defect under U.S.C. § 1447 (c) and can be cause in itself for remand. Lewis, 757 F.2d at 68.

Here, counsel for defendants KMLT, USX, U.S. Steel, and USS filed notices of removal in both actions by September 30, 2015 -- thirty days after McNulty filed the consolidated complaint.  Mot. at ¶¶ 15-16.  Attached to these notices were emails from attorneys for the remaining defendants consenting to the removal of the cases to this court. See Notice of Removal at Ex. C and Ex. G.  These emails constitute unambiguous written consent required by the "unanimity rule."  Thus, we find no procedural defect in the notice of removal.

**B.**     **Fraudulent Joinder**

McNulty next argues that remand is warranted because we do not have diversity

jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since he and three of the corporate

defendants are citizens of Pennsylvania.

When removal is based upon diversity of citizenship, federal courts only have jurisdiction

if the amount in controversy exceeds $75,000 and there is complete diversity between the parties

-- meaning that the plaintiff must be of diverse state citizenship from every defendant.  See 28

U.S.C § 1332; see also Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart

Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003).  One exception to the requirement for complete

diversity in removal matters is the doctrine of fraudulent joinder.  In re Briscoe, 448 F.3d 201,

216 (3d Cir. 2006).  Defendants may remove an action if they can "establish that the non-diverse

defendants were fraudulently named or joined solely to defeat diversity jurisdiction."  Id.

(internal quotes omitted).  In order to prove that a plaintiff's joinder is fraudulent, a defendant

must prove that "there is no reasonable basis in fact or colorable ground supporting the claim

against the joined defendant, or no real intention in good faith to prosecute the action against the

defendants or seek a joint judgment."  Batoff, 977 F.2d at 851.  The removing party carries a

heavy burden of persuasion in order to make this showing, a burden our Court of Appeals has

noted is "logical…for removal statutes are to be strictly construed against removal and all doubts

should be resolved in favor of remand."  Id. at 851.  But if a court finds that a party is

fraudulently joined, that party's joinder cannot defeat removal.  In re Diet Drugs (Phentermine,

Fenfluramine, Dexfenfluramine) Products Liab. Litig., 220 F. Supp. 2d 414, 419. (E.D. Pa.

2002).

McNulty has brought a negligence claim against U.S. Steel, USX, and USS, the owners

of the property where he was allegedly injured.  Compl. at ¶¶ 133-141.  He alleges that they

permitted a dangerous or unsafe condition or activity to exist on the property that was the

proximate cause of his injuries.  Id.  To prevail in a negligence action under Pennsylvania law,

McNulty must establish that the defendants "(1) owed a duty of care to [him], (2) that duty was

breached, (3) the breach resulted in [his] injury, and (4) [he] suffered an actual loss or damages."

Hymes v. Great Lakes Warehouse, No. 11-248, 2014 WL 1022462, at *3 (E.D. Pa. Mar. 17,

2014) (citing Merlini ex rel. Merlini v. Gallitzin Water Auth., 980 A.2d 502, 506 (Pa. 2009)).

Generally, out-of-possession landlords are not responsible for injuries suffered by a business

invitee on the leased premises, and thus have no duty in such cases.  See Henze v. Texaco, Inc.,

508 A.2d 1200, 1202 (Pa. Super. Ct. 1986); see also Dinio v. Goshorn, 270 A.2d 203, 206 (Pa.

1969).  This rule is subject to exceptions, as an out-of-possession landlord may incur liability:

> (1) if he has reserved control over a defective portion of the
> demised premises; (2) if the demised premises are so dangerously
> constructed that the premises are a nuisance per se; (3) if the lessor
> has knowledge of a dangerous condition existing on the demised
> premises at the time of transferring possession and fails to disclose
> the condition to the lessee; (4) if the landlord leases the property
> for a purpose involving the admission of the public and he neglects
> to inspect for or repair dangerous conditions existing on the
> property before possession is transferred to the lessee; (5) if the
> lessor undertakes to repair the demised premises and negligently
> makes the repairs; or (6) if the lessor fails to make repairs after
> having been given notice of and a reasonable opportunity to
> remedy a dangerous condition existing on the leased premises.

Henze, 508 A.2d at 1202  (internal citations and quotations omitted).

Here, McNulty was allegedly injured by a vac unit rented by defendant KMLT from

defendant Auchter for use at the property located at 1 Sinter Road, Fairless Hills, Pennsylvania,

Compl. at ¶¶ 65-66, 113, when his right arm was sucked into the unit's hose resulting in severe

injuries that required emergency surgery.  Id. at ¶ 109.  The vac unit in question was not part of

the premises at 1 Sinter Road, but was instead a movable machine that the lessees of the property

had rented.  It is undisputed that defendants U.S. Steel, USX, and USS were out-of-possession

landlords as they attached the operative lease renting the property to KMLT to the notice of

removal.  See Notice of Removal at Ex. F.  Moreover, there is no evidence that U.S. Steel, USX,

or USS had anything to do with the rental or use of the vac unit that allegedly caused McNulty's

injuries.  Finally, none of the previously listed exceptions to the general rule that out of

possession landlords are not responsible for injuries suffered by a business invitee on the leased

premises apply to this case.

We therefore find that there is no reasonable basis in fact or colorable ground supporting

the claim against defendants U.S. Steel, USX, and USS.  We also find that the doctrine of

fraudulent joinder applies to this case, and therefore the lack of complete diversity among the

parties does not defeat removal.  Further, we will dismiss with prejudice non-diverse defendants

U.S. Steel, USX, and USS from this matter on the basis of fraudulent joinder.

## V.    Conclusion

Defendants have satisfied their burden in showing that their notice of removal was free of

procedural defects and that non-diverse defendants U.S. Steel, USX, and USS were fraudulently

joined in this case.  We will therefore deny McNulty's motion to remand these cases to the

Philadelphia County Court of Common Pleas and dismiss with prejudice non-diverse defendants

U.S. Steel, USX, and USS from this matter on the basis of fraudulent joinder.

BY THE COURT:
 /S/ STEWART DALZELL, J.

8